# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 07-cv-01512-REB

MICHAEL JAMES MURPHY,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

---

## ORDER AFFIRMING COMMISSIONER

---

**Blackburn, J.**

      The matter before me is plaintiff's **Complaint** [#3], filed July 17, 2007, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff alleges that he is disabled as a result of a number of impairments, including congestive heart failure, back pain with associated low extremity weakness, obesity, and chronic restrictive ventilatory disease. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on September 27, 2006. At the time of the hearing, plaintiff was 47 years old. He has a tenth grade education and has past relevant work experience as an electronics assembler, mobile home park manager, and laborer. He

has not engaged in substantial gainful activity since June 15, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from several severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  Other impairments were found to be not severe and thus were not considered further.  The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with the option to sit and stand as needed, never squat or climb ladders or scaffolds, only occasionally bend or kneel, and that did not involve exposure to environmental hazards such as dust, smoke, chemicals, or industrial fumes.  Given this finding, the ALJ concluded that plaintiff could not return to his past relevant work, but that he possessed skills that were transferable to other jobs that existed in significant numbers in the national economy.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed that decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial

gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d

335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is
engaged in substantial gainful activity.  A claimant who is
working is not disabled regardless of the medical findings.

2. The ALJ  must then determine whether the claimed
impairment is "severe."  A "severe impairment" must
significantly limit the claimant's physical or mental ability to
do basic work activities.

3. The ALJ must then determine if the impairment meets or
equals in severity certain impairments described in Appendix
1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed
impairment, the ALJ must determine whether the claimant
can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity
to perform his past work, the ALJ must decide whether the
claimant can perform any other gainful and substantial work
in the economy.  This determination is made on the basis of
the claimant's age, education, work experience, and residual
functional capacity.

20 C.F.R. § 404.1520(b)-(f).  *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that

the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III.  LEGAL ANALYSIS

Plaintiff contends that the ALJ erred in (1) finding that his sleep apnea was not a severe impairment; (2) weighing the opinions of his treating physician, the consultative examiner, and the reviewing physician; (3) failing to include all plaintiff's severe

4

impairments in his residual functional capacity assessment; and (4) failing to include all impairments supported by the record in his hypothetical to the vocational expert. None of these arguments warrants reversal.

Plaintiff alleges first that the ALJ erred by finding that his sleep apnea was not a severe impairment at step two of the sequential evaluation. An impairment is considered "severe" under the regulations unless it is no more than a "slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." **Social Security Ruling 85-28**, 1985 WL 56856 at *3 (SSA 1985). Although plaintiff has the burden of proof to establish that any given impairment is severe, that burden has been described as "*de minimis*." **Hawkins v. Chater**, 113 F.3d 1162, 1169 (10th Cir. 1997).

The ALJ found that plaintiff's sleep apnea was not severe because "the evidence is insufficient to establish that sleep apnea has resulted in more than minimal functional limitations after appropriate treatment." (Tr. 20.)[1] Plaintiff counters that his sleep apnea should have been found severe because of its associated daytime somnolence. However, plaintiff's evidence of fatigue consists of little more than his own subjective reports. A finding of impairment cannot be based merely on the claimant's subjective

---

[1] The ALJ further noted that no treatment measures were prescribed to treat plaintiff's sleep apnea "such as administration of continuous positive airways [sic] pressure." (Tr. 20.) Contrary to plaintiff's argument, this statement is not belied by the record. Although plaintiff was prescribed supplemental oxygen, there is no evidence that such was intended to treat sleep apnea, and plaintiff testified only that he used the oxygen during waking hours. (**See** Tr. 173.) Moreover, the mere fact of error, if such occurred, does not warrant remand if the ALJ's determination is otherwise supported by substantial evidence. **See Bernal v. Bowen**, 851 F.2d 297, 303 (10th Cir. 1988); **Alejandro v. Barnhart**, 291 F.Supp.2d 497, 516-17 (S.D. Tex. 2003) (citing cases)

complaints of symptoms.  **Social Security Ruling** 96-3p, 1996 WL 374181 at *2 (SSA July 2, 1996); ***Bernal v. Bowen***, 851 F.2d 297, 300 (10th Cir. 1988).  Moreover, the ALJ found plaintiff's allegations regarding the severity of his symptoms not entirely credible to the extent alleged, and gave clear, specific reasons to support that finding, primarily plaintiff's noncompliance with prescribed treatments that his treating physician opined would improve his prognosis.  (***See*** Tr. 21)  ***See also White v. Barnhart***, 287 F.3d 903, 910 (10th Cir. 2001) (ALJ's credibility assessment entitled to substantial deference when it is linked to specific evidence in the record);***Decker v. Chater***, 86 F.3d 953, 955 (10th Cir. 1996) (failure to follow prescribed treatment may be considered in evaluating validity of alleged impairment).  There is therefore no basis for reversal on this ground. Concomitantly, the ALJ did not err in failing to include plaintiff's allegations of fatigue and other allegedly debilitating limitations in his residual functional capacity assessment or in his hypothetical to the vocational expert.  ***See Gay v. Sullivan***, 986 F.2d 1336, 1341 (10th Cir. 1993) (hypothetical need only include such limitations as are supported by medical evidence).

Plaintiff further claims the ALJ erred in not properly weighing the opinions of his treating physician, the consultative examiner, and the state agency reviewing physician. The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record."  20 C.F.R. § 404.1527(d)(2); ***Watkins***, 350 F.3d at 1300.  A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the

hearing decision.  **Watkins**, 350 F.3d at 1301.  Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence. **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987).

Here, Dr. Reasoner submitted a "Cardiac Impairment Questionnaire" (Tr. 150-155) and a "Multiple Impairment Questionnaire" (Tr. 156-163).  These documents were supported by a mere five pages of treatment records covering intermittent visits in 2003 and 2005.  Only one of these visits was primarily related to complaints involving plaintiff's severe impairments.  (Tr. 126.)[2]  The ALJ noted that he failed to credit all of Dr. Reasoner's asserted limitations because they were unsupported by treatment records or office notes.  (Tr. 21.)  He did not err in that regard.

Nor did the ALJ err in assigning greater weight to the residual functional capacity assessment of the reviewing physician.  The determination of residual functional capacity is an administrative finding and thus is ultimately reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(2).  Thus, although the ALJ was required to consider Dr. Reasoner's opinions regarding plaintiff's functional capacity assessment, he was not required to accept them or afford them any particular weight, but only to "evaluate all the evidence in the case record to determine the extent to which the [treating physician's conclusion] is supported by the record."  **Social Security Ruling** 96-5p, 1996 WL 374183 at *2-3 (SSA July 2, 1996).

---

[2]  The other visits involved complaints of cervical strain (Tr. 122), pharyngitis (Tr. 123), tooth infection (Tr. 124), and fever/toothache (Tr. 125), although this latter report also referenced plaintiff's history of congestive heart failure and ongoing symptoms related to that condition.

Moreover, and contrary to plaintiff's argument, the ALJ did not cherry-pick the record in making this determination. Instead, while noting that much of Dr. Reasoner's assessment was consistent with a residual functional capacity for sedentary work, limitations which he found supported by the record, he rejected the more extreme limitations suggested by Dr. Reasoner as unsupported by the evidence. (Tr. 21.) Further, the ALJ articulated clear, legitimate reasons for assigning little weight to the assessment of the consultative examiner, which he found unsupported by the evidence as a whole and internally inconsistent. (Tr. 22.) Under those circumstances, the ALJ was entirely within his purview to reject these opinions and credit the opinion of the reviewing physician.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 3, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**