**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  07-cv-01512-REB

MICHAEL JAMES MURPHY.

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

**ORDER FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)**

**Blackburn, J.**

The matter is before me on plaintiff's **Motion For An Award of Attorney Fees Under 42 U.S.C. § 406(b)** [#29][1] filed July 18, 2011.  I grant the motion.

Title II of the Social Security Act provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).  By its terms, this section requires that any attorney fee awarded not exceed twenty-five percent of the past-due benefits recovered and that the award be otherwise "reasonable."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002).  A contingency fee agreement is the "the

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id.*, 122 S.Ct. at 1828.[2] In determining whether a fee is reasonable, I may consider factors such as "the character of the representation," "the results the representative achieved," whether the benefits recovered "are large in comparison to the amount of time counsel spent on the case," and whether the plaintiff's attorney is responsible for delay in the proceedings. *Id.*

In this case, plaintiff contractually agreed to pay his counsel twenty-five percent of any past-due benefits recovered as a result of the representation. (*See* Plf. Motion App., Exh. 2.)  Plaintiff recovered $24,441.40 in past due benefits. (*See* Plf. Motion ¶ 4 at 1 & App., Exh. 3.)  Twenty-five percent of that amount is $6,110.35.  Counsel requests $6,468.13 pursuant to section 406(b).  The Commissioner takes no opinion on the motion so long as the fee request is reasonable.

Counsel's requested fee is more than reasonable for 40.3 hours of work (*see* Plf. Motion App., Exh. 4), and in relation to counsel's non-contingent hourly rate and the amount of past-due benefits recovered.  Further, I find no other reason to reduce the requested amount further.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion For An Award of Attorney Fees Under 42 U.S.C. § 406(b)** [#29], filed July 18, 2011, is **GRANTED**; and

2. That pursuant to 42 U.S.C. § 406(b)(1)(A), plaintiff is **AWARDED** attorney fees of $6,110.35.

---

[2] It is a criminal offense for an attorney to attempt to charge a social security client more than the statutory cap or to charge a non-contingent fee. *See Gisbrecht*, 122 S.Ct. at 1827-28.

Dated July 20, 2011, at Denver, Colorado.

                                         **BY THE COURT:**

                                         */s/ Robert E. Blackburn*
                                         Robert E. Blackburn
                                         United States District Judge